Good morning. Gerald Brannon on behalf of Appellant Steve Johnson. I just want to point out two reasons why the court erred when it imposed the obstruction of justice enhancement. The first one was it found that his testimony qualified as perjury and without making a materiality finding. That's not disputed. The second issue is it also erred when it concluded summarily that his testimony qualified as a significant further obstruction when there was no evidence that it significantly impeded the trial court proceedings. Now, the government cannot, has not and cannot show that Johnson's feeble attempt at trial to distance himself from his presence and the content of his telephone conversations significantly impeded anything that happened at the trial. How are we to apply that standard? Are we to sort of hypothesize what may have been in the mind of the trier of fact and ask whether or not the trier of fact was likely to be misled by the defendant's lies? The problem you have with this case is it looks to me like he lied to the FBI when he was originally interviewed. He lied to the grand jury and then he lied to the pettit jury. Why doesn't that constitute a subsequent obstruction that merits an enhancement? Because there's no reasonable way to conclude that the jury would be, would have believed his trial testimony. And the reason for that is, is that the government had recorded phone calls. They put the transcript of his perjury in the indictment. The jury had before the indictment and heard the phone calls and he admitted before the grand jury that he was not only present at both conversations and he admitted uttering the warning. So how could the jury ever believe that? Aren't you jumping over an earlier question? It seems to me that there are two separate questions here and that we're at risk of conflating them. So the first question is what I understood to be your argument that because there was so much similarity between the grand jury testimony and the trial testimony, that the trial testimony was not a significant further obstruction. That is a noun, not a verb. The second question is, is there a separate requirement that there be an actual effect on the prosecution from the repeated or subsequent separate perjury, if that's what it was? Let's assume that for the moment. That is, was it a verb? Did it, was there a significant further obstructive effect? I think they're separate questions. Can you address them separately? I don't think there was a further separate event because all of his testimony before the FBI, at the grand jury and at trial was essentially the same. He was trying to distance himself from two short phone calls. Well, certainly there were differences in the details and some of it was not so much of a detail. It looked like in the second testimony when he was asked about whether he was present at the second phone call, there was some equivocation about the date, but he also, during the trial testimony, appeared to say no when earlier he had acknowledged being present. Isn't that a significant difference? No. Why? I don't think so because when you admit something to the grand jury and the trial jury can read the transcript of the grand jury proceeding and hear the recorded phone calls. So how do we know what the truthful answer was? If they're diametrically opposed, suppose we didn't have the tape. Suppose all we had was the testimony of somebody who happened to be in the room or who saw him in the building at the time. Then he lies to the grand jury and then he switches his testimony and lies to the pettit jury. Well, critically, we do have the tape. But what if we didn't? I mean, the question is, does the bald perjury itself, the violation of the solemn oath to tell the truth, amount to an attempt to further obstruct the truth-seeking process for which an enhancement is appropriate in a sense? Well, it needs to be a significant further obstruction. Well, it's pretty significant as to either he was there or he was not and whether or not he was trying to pass on information that shouldn't have been passed on. I mean, that's the whole, that's the heart of the prosecution, is it not? But, you know, if you have the recordings and then you have his grand jury testimony, that's pretty significant. But what if we didn't have the recordings? But that's a hypothetical. If the testimony was the same, would your answer still be the same? Can't be an enhancement, even though it's a bold-faced lie under oath? I think that we have to stick with the specific facts of this case to hypothecate. Isn't the issue one of materiality? If it's a lie about a material fact, it's perjury. It's another crime. Well, perjury is defined as a statement or evidence, if believed, hinders or impedes the proceedings. And I, my proposition is, is that there's no way a reasonable juror, any reasonable juror, could have believed what he said at trial, given the recorded phone calls they had. But good perjury gets an enhancement and bad perjury doesn't? I mean, that's or you're saying that bad perjury is not perjury? Inept perjury or inept attempted perjury is not punishable? Well, it's perjury, but the issue is whether it's a significant further obstruction, and that's what's missing here. Well, why isn't it a significant further obstruction whenever in a court proceeding, when a person is testifying under oath, they lie about an issue that's material to the proceeding, without regard to what other evidence there may be to give exposure to the lie? Well, the guidelines have carved out in Application Note 7 an exception for perjury that is not a significant further obstruction, and they've characterized that as a situation where the enhancement should not be applied. So that would be this. Are you familiar with our opinion in the United States v. Sullivan in which we said it doesn't matter whether the finder of fact is actually obstructed? Well, those cases. First of all, do you know Sullivan? Have you read it? Well, I don't remember Sullivan specifically. It came out about a year ago. It's a pretty recent opinion. But there are cases where there is no obstruction necessary, and those cases have to do, like U.S. v. Taylor, which you just published in April of 2014, and Guerrera, which the government cites. Those cases deal with the situations where there is an obstruction regardless. There's no further obstruction necessary, and those cases involve testimony before a judge or a pretrial services officer who is operating on behalf of the court. That's not the situation we have here. No. We're talking about sworn testimony. Yeah, but it's not the same, I don't think. There is a judge. Is that irrelevant? I'm sorry? This was a trial. So there is a ‑‑ it's sworn testimony in front of not only a judge but also a jury. Well, the cases I've read say an investigation by the court. That would be a pretrial services officer and a ‑‑ at a revocation hearing, for example. Same thing. This is fundamentally different. This is fundamental to the administration of the system of justice, counsel. Well, he ‑‑ I mean, he was sentenced for perjury at the grand jury. I mean, he was convicted of that. Yeah. And then he perjured himself before the pettit jury, for which the trial judge enhanced his sentence by an extra four levels. Two. Two. And so why is that improper? Why shouldn't we punish a subsequent attempt to further the lie? Because it's double counting. How is it double counting if he's punished for the lie he told the grand jury, and then he gets more time because he lied again in front of the pettit jury? I mean, they could have turned around and reindicted him for perjury before the pettit jury, couldn't they? Again, I have to bring up the application note 7, which specifically includes it. There's an exception to it. There's an exception to application note 7, which says that except if a significant further obstruction, noun, not verb, occurred during the dot, dot, dot, prosecution of the obstruction offense itself. Why aren't we in the exception? Well, significant is the word, I think. Significant is the key word here. And I don't think when he's just repeating the same perjury that he's already said to the grand jury, already said to the FBI. So in his first testimony to the grand jury, he says one thing, but his second testimony before the trial jury, he says another. How does that further the first lie? I don't understand your argument. It doesn't further it because he's essentially saying the same thing. He's trying to distance himself from the two phone calls. He's trying to do the same thing. I'm not sure he's trying to say the same thing. He's distancing himself with two lies. But if it's the same, there's no surprise there for the government at trial. And the jury is not going to believe it because they have rock-solid evidence. But the fact, our case, U.S. v. Sullivan says that the fact finder doesn't have to be misled. Right. But the crime is complete when the material lies. Yeah, but is the – okay. If the crime is complete, but does the enhancement apply? Those are two different questions, I think. Well, if you can charge somebody with perjury, what's wrong with simply enhancing by two levels their punishment in the middle of the second hearing? Because he's been convicted of it already. No, it's a different – it's not the same conduct, counsel. Wow, I didn't get to the other issue I wanted to get to. Could I have a few more minutes? I think you're out of time. Okay. What way you are going to argue? Okay, I'll reserve a couple minutes for rebuttal then. We'll give you a little time for rebuttal, okay. We'll hear from the government. Good morning. Mark Cullors on behalf – U.S. Attorney's Office, Fresno, on behalf of the United States. The court mentioned that there were two issues, one dealing with similarity and the other dealing with effect. And that is correct. These weren't similar. I think we need to understand that. For instance, on the call on September 20, 2007, there's three different versions of that call. One to the FBI, where he said he never called him. Secondly, to the grand jury, where he said he called him as a joke. And the third at trial, where he said he called him in order to sign a contract. And I think that's important because I think this defendant is testifying in front of a jury. And the reason he might say he was doing it to sign a contract is to bolster his image in front of the jury and make it seem like he was involved in a legitimate business transaction with Mr. Holloway. Again, there is a second issue with regard to the dissimilarity of these. And for instance, on that overheard phone call from Mr. O'Morien's office, he describes in the grand jury, he describes, he admits describing to Gary O'Morien on the phone that Mr. Holloway is overhearing. He says he did it to fuel Mr. Holloway's paranoia. And then he also, in the same part of the testimony, he says he denies being on the phone with describing the vehicles to Bob Holloway. And so at trial, he had, he took a third tact, which he basically said he went to Gary O'Morien's office, but he was not there that day. So he was just nowhere around. Again, these are dissimilar statements made in three different occasions. As to the effect, we agree with this Court's reasoning that Sullivan and Guerrero and its progeny apply, which is that in a case of trial testimony, as opposed to an investigative part of a case, but in a case of trial testimony where there is perjury, there need not be actual obstruction. And is that because of the case law, or is that built into the application notes of 3C1.1 itself? I think it's because of, I think this Court can rely on United States v. Dunnegan, first of all, to say that where the Supreme Court said, perjury at trial testimony goes to the heart of our system. And so therefore, the no need for actual obstruction need to be shown. Counsel has raised the issue of whether or not this is significant further obstruction. And I think that's a finding that the district court had to make and did make. And in this case, Mr. Johnson took a course to deliberately confuse and mislead the jury, the finder of fact, and the Court, as to his relationship with Bob Holloway. And I think that's important. Kagan. May I ask you a question about that? Sure. Let's assume for the purpose of this question that the trial testimony did, in fact, essentially repeat the grand jury testimony. Just assume that. I know you think that there are significant differences in at least elaboration or explanation, if not more, but put that aside. All right. Okay. He says, A, before the grand jury, A is false and material. He says the same A in front of the trial court and trial jury. Would the second trial testimony still be a significant further obstruction simply because it was a separate incidence in a different forum of perjury? I think an argument can be made that it is. Having said that, not all perjury at trial is significant further – let me put it this way. Not all perjury during a perjury or obstruction trial is significant further obstruction. And what's the – what would be the criteria to identify when it wouldn't be? I think that's a finding for the district court. I think the district court has to know the context in which the statements were made, the issues at the trial, to make that determination. I don't think there's a set formula you can have. I think it's going to be on a case-by-case basis for the district court to determine whether it's significant further obstruction. And I gather it's your position in this case that we don't have to get to that question because there were enough differences between the trial testimony and the grand jury testimony that it's not a difficult issue. Absolutely, Your Honor. That is our position. I noticed that the court did not ask about the issue of waiver. I don't know if the court wishes us to address that issue. You go right ahead. Explain why. I mean, you didn't raise this in your brief. Why isn't this issue going? Well, the issue of – there's no waiver in this case simply because Castro Ponce mandates a remand in this case. And upon remand, all issues are available to be reconsidered again by the district court. And because of that, there's no prejudice. They are if we say they are, and they're not if we say they aren't. And if we say you've waived the issue, then it's not. So this is a little tautological. Why should we not say, you know, you had a chance, the issue was raised by the blue brief, the red brief doesn't address it. Normally failure to address it in a brief is a waiver. I think you can rely on the United States v. ULA, which is this court held that on issues that are not briefed, if it falls under one of those three exceptions, this particular case falls under two of those three exceptions. There was a good faith reason for not addressing those items in the brief. And secondly, there's no prejudice to the defendant by having those issues not briefed. So what was the reason? The good faith reason was because of after Mr. Johnson filed his opening brief, Castro Ponce was decided by this court before the government filed its response. And because of that, the government decided to file its brief, stating that this case should be remanded so that the district court can make willful and materiality findings with regard to the verdict. Well, that agreement was part of the defendant's argument, but they made a further argument that there should be no remand because the district court had no authority to enter the obstruction of justice enhancement at all. So the issue was on the table. I mean, the fact that you concede part of what they say doesn't obviate the need to respond to the part you don't agree with, if you don't agree with it. Well, Your Honor, I think it's an issue of judicial economy, because simply because the lesson of the case is that there's no further proceedings. There's nothing more economical than sending it back and saying no further proceedings. You just reduce the sentence. That's economical. Absolutely, Your Honor. But in this case, this court wouldn't have been able to do that simply because it had to be remanded because the district court still had to make the willful and materiality findings on the issue of the obstruction. And in doing that, under Riley, all issues can be relitigated. Mr. Johnson has an opportunity to argue again for acceptance of responsibility. He has a chance to argue again for a less than 15-month sentence. And once those issues are resolved, it can then come before this Court at that point to make a final decision. But upon remand, all issues are open at resentencing, including new issues, so that Mr. Johnson could have raised even new issues upon remand. So he is not prejudiced by having this remanded at this time. Okay, thank you. All right, thank you. You can take a minute for rebuttal. The details that the government is worried about are not substantial, and they don't equal a significant further obstruction. I mean, it's clear that he was distancing himself from the two phone calls that he made over and over again. The details are rather unimportant for that reason, because if it's beyond a reasonable doubt that no reasonable juror could ever believe what he said, it's impossible to argue that his trial perjury impeded the proceedings. And I just want to make — Counsel, I know you haven't read United States v. Sullivan, but that's what we specifically addressed. There is one case that's unpublished that's right on point. This is a published decision, which would have precedent over an unpublished decision. Your unpublished decision is worthless as binding precedent on this panel. But Sullivan binds us, and it says there doesn't have to be an effect on the finder of fact. How do you get around Sullivan? Well, can I respond to that in a letter? Because I'm — If you're not familiar with the precedent of our court, before you come in here, I'm — I would like to distinguish that in a letter, if I could. I don't think I need any further briefing on the issue. It says what it says. Well, I can't respond to that. And I would like an opportunity to respond to that, if that's going to be definitive in your judgment. If we want further briefing, we'll let you know. Okay. Thanks. Thank you. The case is argued and stands submitted.
judges: Rosenthal, Kozinski, Tallman